IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Ijeoma Ekeruo, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-cv-01967 |
| | § | |
| The University of Texas Health Science Center at Houston, et al., | § | |
| | § | |
| Defendants. | § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

1. **State when the conference of the parties required by Rule 26(f) was held and identify the counsel who represented each party.**

   The parties' counsel conferred on July 24 and 30, 2025 by phone and via email on August 8, 2025. Counsel who attended are:

   Leslie N. Oguchi for Plaintiff
   State Bar No. 24081076
   5903 Serrano Terrace Lane
   Houston, Texas 77041
   Tel. (832) 454-6612
   Leslie.oguchi@oguchilaw.com

   Oliver C. Mitchell, Jr. for Plaintiff
   New York Bar No. 4486460
   101 Ellsworth Drive
   Sinking Spring, Pennsylvania 19608
   ocmitchelljr@aol.com

   Yvonne D. Bennett for Defendants
   State Bar No. 24052183
   Assistant Attorney General
   P.O. Box 12548
   Austin, TX 78711
   (737)224-3606 – Telephone
   (512) 320-0667 – Facsimile
   Yvonne.Bennett@oag.texas.gov – Email

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   None.

3. **Specify the allegation of federal jurisdiction.**

   28 U.S.C. § 1331 because Plaintiff is suing for employment discrimination and retaliation pursuant to the Civil Rights Act of 1866, 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., and the Equal Pay Act of 1963, 29 U.S.C. § 206(d) et seq., all federal causes of action.

4.  **Name the parties who disagree and the reasons.**

    None.

5.  **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

    None.

6.  **List anticipated interventions.**

    None.

7.  **Describe class-action issues.**

    None.

8.  **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

    The parties have not made initial disclosures. The Parties agreed to participate in mediation as soon as schedules permit. If mediation is not successful, the Parties agree to make initial disclosures within 30 days after mediation.

9.  **Describe the proposed agreed discovery plan, including:**

    a.  **Responses to all the matters raised in Rule 26(f).**

        - No changes to the timing, form, or requirements for disclosures under Rule 26(a) are necessary.

        - Provided the Parties do not resolve this matter during mediation, and the case proceeds into Discovery, Discovery will cover all relevant issues in the case, including issues relating to liability and damages. Discovery can be completed by August 31, 2026.

        - All electronically stored information may be produced in PDF or native format.

        - No additional limitations on discovery are required at this time.

    b.  **When and to whom the plaintiff anticipates it may send interrogatories.**

        - Plaintiff anticipates sending Defendants interrogatories with sufficient time for Defendants to respond in advance of the close of discovery and in accordance with Fed. R. Civ. P. 33.

    c.    **When and to whom the defendant anticipates it may send interrogatories.**

- Defendant anticipates sending Plaintiff interrogatories with sufficient time for Plaintiff to respond in advance of the close of discovery and in accordance with FED. R. CIV. P. 33.

    d.    **Of whom and by when the plaintiff anticipates taking oral depositions.**

- Plaintiff anticipates taking the depositions of each Defendant and other individuals identified in discovery, including any experts designated by Defendants.
- Plaintiff anticipates taking these depositions by August 31, 2026.

    e.    **Of whom and by when the defendant anticipates taking oral depositions.**

- Defendant anticipates taking deposition of Plaintiff and other individuals identified in discovery, including any experts designated by Plaintiff.
- Defendant anticipates taking these depositions by August 31, 2026.

    f.    **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

- Plaintiff's expert designation and required reports will be provided no later than April 30, 2026.

    g.    **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

- Plaintiff will take expert depositions, if any, by August 31, 2026.

    h.    **List expert depositions the opposing party anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

- The opposing party will take expert depositions, if any, by August 31, 2026.

10.    **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

There are no disagreements by the parties.

11.    **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

12. **State the date the planned discovery can reasonably be completed.**

    Planned discovery can be completed by August 31, 2026.

13. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    The Parties have agreed to participate in mediation and are working to secure a mediator as soon as possible.

14. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    The Parties have agreed to participate in mediation and are working to secure a mediator as soon as possible.

15. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.**

    Mediation is suitable.

16. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The Parties do not consent to trial before magistrate.

17. **State whether a jury demand has been made and if it was made on time.**

    A timely jury demand has been made.

18. **Specify the number of hours it will take to present the evidence in this case.**

    24 to 32 hours.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None.

20. **List other motions pending.**

    None.

21. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    None.

-5-

**22.** **List the names, bar numbers, addresses and telephone numbers of all counsel.**

| **Counsel for Plaintiff** | **Counsel for Defendant** |
|---|---|
| Leslie N. Oguchi<br>State Bar No. 24081076<br>5903 Serrano Terrace Lane<br>Houston, Texas 77041<br>(832) 454-6612<br>Leslie.oguchi@oguchilaw.com<br><br>Oliver C. Mitchell, Jr.<br>New York Bar No. 4486460<br>101 Ellsworth Drive<br>Sinking Spring, Pennsylvania 19608<br>(248) 613-6315<br>ocmitchelljr@aol.com<br><br>ATTORNEYS FOR PLAINTIFF | Yvonne D. Bennett<br>State Bar No. 24052183<br>Assistant Attorney General<br>P.O. Box 12548<br>Austin, TX 78711<br>(512) 463-2120 – Telephone<br>(512) 320-0667 – Facsimile<br>Yvonne.Bennett@oag.texas.gov – Email<br><br>ATTORNEY FOR DEFENDANTS |

-6-

Date: August 14, 2025                             Respectfully submitted,


                                         By:     /s/ Leslie N. Oguchi
                                                 Leslie N. Oguchi
                                                 State Bar No. 24081076
                                                 5903 Serrano Terrace Lane
                                                 Houston, TX 77041
                                                 (832) 454-6612 – Telephone
                                                 Leslie.oguchi@oguchilaw.com – E-mail


                                                 Oliver C. Mitchell, Jr.
                                                 New York Bar No. 4486460
                                                 101 Ellsworth Drive
                                                 Sinking Spring, Pennsylvania 19608
                                                 (248) 613-6315
                                                 ocmitchelljr@aol.com

                                                 ATTORNEYS FOR PLAINTIFF

Date: August 14, 2025   By:   KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Chief, General Litigation Division

/s/ Yvonne D. Bennett
YVONNE D. BENNETT
State Bar No. 24052183
Assistant Attorney General
P.O. Box 12548
Austin, TX 78711
(512) 463-2120 – Telephone
(512) 320-0667 – Facsimile
Yvonne.Bennett@oag.texas.gov – Email

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon counsel of record listed below by the Southern District of Texas ECF method on the 14TH day of August 2025.

Leslie N. Oguchi
State Bar No. 24081076
5903 Serrano Terrace Lane
Houston, TX 77041
(832) 454-6612 – Telephone
Leslie.oguchi@oguchilaw.com – E-mail

/s/ Yvonne D. Bennett
YVONNE D. BENNETT
Assistant Attorney General